# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michelle Martin and William Martin,**
**Plaintiffs Below, Petitioners**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0710** (Kanawha County 12-C-268)

**Charleston Area Medical Center, Inc.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners Michelle Martin and William Martin, by counsel Stephen P. New, appeal the order entered by the Circuit Court of Kanawha County on May 17, 2012, dismissing with prejudice petitioners' complaint as untimely filed. Respondent, by counsel Dina M. Mohler and Lisa J. Bray, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Martin suffered extensive injuries as a result of a work-related accident in May of 2007. He was hospitalized at Charleston Area Medical Center, Inc. (CAMC) from May 24, 2007, until June 27, 2007, during which time he was placed in restraints for medical purposes. CAMC staff was ordered to reposition Mr. Martin every two hours. While hospitalized, he developed numerous ulcers (bed sores), including a Stage III decubitus ulcer.

As a result of the 2007 injury, Mr. Martin was left legally and mentally incapacitated. Mrs. Martin was appointed to be his guardian and conservator on February 26, 2008.

Petitioners filed suit against CAMC on February 16, 2012, alleging medical professional liability relating to the ulcers sustained during Mr. Martin's 2007 hospital stay. The cause of action was brought under West Virginia's Medical Professional Liability Act (MPLA), West Virginia Code § 55-7B-1 *et seq.*

In February of 2012, CAMC filed a motion to dismiss the complaint on the ground that the claims were barred by the statute of limitations. Petitioners filed a response in opposition to the motion to dismiss. After hearing oral arguments, the court entered its order dismissing with prejudice petitioners' complaint as untimely. The court found the applicable statute of limitations is the two-year provision of the MPLA.

1

This case is before this Court on appeal from the circuit court's order granting CAMC's motion to dismiss made pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. The motion was based upon the statute of limitations found in the MPLA, West Virginia Code § 55-7B-4.[1]

Petitioners argue that the circuit court erroneously dismissed the complaint and should have tolled the statute of limitations pursuant to West Virginia Code § 55-2-15,[2] considering the fact Mr. Martin remains mentally incapacitated. Petitioners also assert the circuit court failed to apply the basic legal standards for analyzing a Rule 12(b)(6) motion to dismiss and should have considered the allegations in the complaint.

In response, CAMC argues that the plain language of the MPLA provides for a two-year statute of limitations period. Furthermore, when enacting the MPLA, the Legislature chose to toll or extend the two-year statute of limitations only for one particular group -- children under age ten. Finally, CAMC asserts the merit, or lack thereof, of the underlying allegations is irrelevant as the claim is clearly time-barred.

We begin our analysis with the standard of appellate review. This Court reviews a circuit court's order granting a motion to dismiss a complaint under a de novo standard. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995).

---

[1]West Virginia Code § 55-7B-4, states in relevant part:

> (a) A cause of action for injury to a person alleging medical professional liability against a health care provider arises as of the date of injury, except as provided in subsection (b) of this section, and must be commenced within two years of the date of such injury, or within two years of the date when such person discovers, or with the exercise of reasonable diligence, should have discovered such injury, whichever last occurs: Provided, That in no event shall any such action be commenced more than ten years after the date of injury.

[2]West Virginia Code § 55-2-15 is entitled "General saving as to persons under disability" and states:

> If any person to whom the right accrues to bring any such personal action, suit or scire facias, or any such bill to repeal a grant, shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues, or after such acknowledgement as is mentioned in section eight of this article, except that it shall in no case be brought after twenty years from the time when the right accrues.

2

To resolve the question of whether the circuit court correctly determined that petitioners' claims were barred by the statute of limitations, we look to the language of the MPLA. This Court has held that,

> "The Medical Professional Liability Act, *W.Va. Code,* 55–7B–4 [1986], requires an injured plaintiff to file a malpractice claim against a health care provider within two years of the date of the injury, or 'within two years of the date when such person discovers, or with the exercise of reasonable diligence, should have discovered such injury, whichever last occurs [.]' However, the Act also places an outside limit of 10 years on the filing of medical malpractice claims, regardless of the date of discovery, unless there is evidence of fraud, concealment or misrepresentation of material facts by the health care provider." Syllabus point 1, *Gaither v. City Hospital, Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997).

Syl. Pt. 3, *Forshey v. Jackson*, 222 W.Va. 743, 671 S.E.2d 748 (2008). Accordingly, we agree that the petitioners were required to file their claim under the MPLA within two years of the date of the injury.[3]

Petitioners' argument that the general disability savings statute in West Virginia Code § 55-2-15 should toll their claim under the MPLA is unpersuasive. For most general causes of action, those under a disability have up to twenty years to file suit pursuant to West Virginia Code § 55-2-15. However, adults alleging a medical professional liability action under MPLA have a two-year statute of limitations, except in cases where discovery is an issue. To the extent the statutes cannot be construed consistently with one another, the more specific of the two prevails. *Zimmer v. Romano*, 223 W.Va. 769, 784, 679 S.E.2d 601, 616 (2009)("The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled.").

In this case, the cause of action accrued in 2007, when Mr. Martin was hospitalized and developed the ulcers. Petitioners filed suit under the MPLA in 2012. Accordingly, we find the circuit court properly applied the statute of limitations in dismissing the complaint. *See* Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(6)[2], at 388 (4th ed. 2012) ("A statute of limitations may support dismissal under Rule 12(b)(6), where it is evident from the plaintiff's pleading that the action is barred, and the pleading fails to raise some basis for tolling or the like.").

For the foregoing reasons, we affirm.

Affirmed.

---

[3]The discovery rule is inapplicable to this case because petitioners do not contest that Mrs. Martin, as her husband's legal representative, was aware of the ulcers Mr. Martin obtained during his hospital stay.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II